Dear Senator Rayburn:
This office is in receipt of your request for an opinion regarding an amendment to the General Appropriation Bill of 1994. The pertinent portion of the amendment, styled Amendment No. 203, provides as follows:
 "Payable out of the State General Fund (Direct) to pay for attorney fees and expenses for defense for Sammy Davis, Jr., only if and when the Attorney General certifies that this expenditure is permissible under state law . . . . . . . . . . $129,647"
In accordance with Amendment No. 203, the question presented for our review is whether the State of Louisiana can pay the legal expenses incurred by the former Mayor of the Town of Ferriday in defense of three counts of malfeasance in office. Although Mr. Davis was convicted of one count of malfeasance in office, the Supreme Court ultimately reversed his conviction.
R.S. 13:5108.1, 13:5108.2 and 13:5108.3 provide for the indemnification of state officers and employees, subject to certain criteria, including payment of legal fees for the defense of criminal matters when the defendant is acquitted. However, this office is unaware of any provision of law which would authorize or require the State to provide for the reimbursement of legal expenses incurred by an officer or former officer of a political subdivision, such as the former Mayor of Ferriday.
We must also advise that the State's payment of legal fees incurred by a former municipal officer, as opposed to a state officer, would be subject to constitutional challenge under the provisions of La. Const. Art. VII, Sec. 14(A). As I am sure you are aware, this provision of the Constitution prohibits the state and its political subdivisions from loaning, pledging or donating public funds to any person, public or private.
This provision has been interpreted by the Supreme Court in City of Port Allen v. Louisiana Municipal Risk Agency, 439 So.2d 399
(La. 1983), which held that the Constitution is violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so.
This office is unaware of any substantive provision of law that obligates or authorizes the use of state funds to reimburse legal expenses incurred by an officer or former officer of a political subdivision. As such, it is the opinion of this office that the expenditure of State funds for the payment of legal expenses incurred by a former municipal officer is not "permissible under state law."
We trust this adequately responds to your request. Please do not hesitate to contact us if we can be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: JEANNE-MARIE ZERINGUE Assistant Attorney General RPI:JMZ:jav 444n